# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**YUSEF LATEE WILLIAMS,**

      Petitioner,

v.                                                       **Case No. 05-C-233**

**PHIL KINGSTON,**

      Respondent.

## ORDER

Yusef Latee Williams ("Williams") is a prisoner incarcerated pursuant to a Wisconsin state court judgment. Proceeding pro se, he seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 11th, 2005, this court screened Williams' petition in accordance with Rule Four of the Rules Governing Section 2254 Cases and order the respondent to answer the petition. On August 10, 2005, the respondent answered the petition. On August 29, 2005, Williams filed a motion for default judgment, which the court denied on February 14, 2006. On October 29, 2007, this court ordered the respondent to provide copies of the transcripts of the state court proceedings pursuant to Rule 5(c) of the Rules Governing Section 2254 Cases. These transcripts were received on November 6, 2007. All parties previously consented to the full jurisdiction of a magistrate judge and on December 27, 2007, this court denied Williams' petition on its merits. On January 7, 2008, Williams filed a notice of appeal and on January 18, 2008, Williams filed a motion to enlarge the record on appeal.

Before person incarcerated pursuant to a state court judgment may appeal the decision of a district court regarding a petition for a writ of habeas corpus, the petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c).

> A notice of appeal acts as a request for a certificate whether or not the prisoner files a separate application. Fed. R. App. P. 22(b)(2) ("If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."). But a petitioner who relies on his notice of appeal is hard put to meet the statutory standard, for a certificate of appealability may issue only when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A notice of appeal does not give reasons, and a silent document rarely constitutes a "substantial showing" of anything.

West v. Schneiter, 485 F.3d 393, 394-395 (7th Cir. 2007)

Williams has failed to present any reasons as to why a certificate of appealability should be granted and thus has failed to make a "substantial showing of the denial of a constitutional right." Therefore, this court must deny Jones' request for a certificate of appealability.

Turning to Williams' request for to enlarge the record on appeal, Williams seeks the inclusion of transcripts of his postponed initial appearances, a motion to dismiss because of an untimely preliminary examination, and a statement of a witness. (Docket No. 23.) Williams does not provide these documents, provide any explanation as to why these documents are relevant, or offer any explanation for why these documents were not included earlier. Therefore, the court finds that Williams has failed to demonstrate that these documents are material or that their omission was the result excusable error or accident. Therefore, pursuant to Federal Rule of Appellate Procedure 11(e), this court must deny Williams' motion to expand the record on appeal.

**IT IS THEREFORE ORDERED** that Williams' request for a certificate of appealability is **denied**.

**IT IS FURTHER ORDERED** that Williams' motion to expand the record on appeal is **denied**.

Dated at Milwaukee, Wisconsin this 22nd day of January, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge